77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeanette GARCIA, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Navy, Defendants-Appellees.
 No. 95-55292.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeannette Garcia appeals the district court's dismissal of her claim for negligent and intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 In her complaint, Garcia alleged that Jimmy Romero, her husband's supervisor at the Naval Facilities Engineering Service Center at Port Hueneme, California, made sexually-demeaning comments to Garcia which caused her severe emotional distress.[1] Specifically, Garcia alleged that Romero sexually propositioned Garcia on several occasions, made sexually degrading comments about Garcia's husband, and told Garcia that her husband would not advance unless Garcia submitted to Romero's sexual advances. Garcia further alleged that Romero knew that these comments would cause Garcia emotional distress and that, in fact, these comments did cause Garcia severe emotional distress which required medical attention. Finally, Garcia alleged facts which show that she exhausted administrative remedies as required by 28 U.S.C. § 2675.
 
 
 4
 We review de novo the district court's dismissal of Garcia's complaint for failure to state a claim. In re Air Crash near Cerritos, Cal., Aug. 31, 1986 (Di Costa v. Aeronaves de Mexico, S.A.), 973 F.2d 1490, 1491 (9th Cir.1992). Because the district court dismissed Garcia's complaint for failure to state a claim, the allegations in her complaint are taken as true and construed in the light most favorable to Garcia. Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1504 (9th Cir.1994). When reviewing the dismissal of a complaint under the FTCA arising in California, we apply California law to determine whether Garcia has stated a claim for negligent or intentional infliction of emotional distress. Id.
 
 
 5
 A. Negligent Infliction of Emotional Distress
 
 
 6
 Garcia contends that the district court erred by dismissing her claim of negligent infliction of emotional distress for failure to state a claim. This contention lacks merit.
 
 
 7
 We have recognized "the continuing vitality of 'direct victim' negligent infliction claims" under California law. Id. at 1494. The Supreme Court of California has explained that "the label 'direct victim' arose to distinguish cases in which damages for serious emotional distress are sought as a result of a breach of duty owed the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.' " Burgess v. Superior Court (Gutpa), 831 P.2d 1197, 1201 (Cal.1992) (quoting Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 770 P.2d 278, 282 (Cal.1989)). Although California law imposes a general duty on all Californians to exercise "ordinary care" so as not to cause others injury, see Cal.Civil Code § 1714 and Christensen v. Superior Court (Pasadena Crematorium of Altadena), 820 P.2d 181, 189 (Cal.1991), the Supreme Court of California has limited the "direct victim" line of cases to those situations where "a duty arising from a preexisting relationship is negligently breached." Burgess, 831 P.2d at 1201.
 
 
 8
 Because Romero and Garcia did not have a preexisting relationship of the kind found in California's "direct victim" cases,[2] we conclude that the district court did not err by dismissing Garcia's claim for negligent infliction of emotional distress. See id.
 
 
 9
 B. Intentional Infliction of Emotional Distress
 
 
 10
 Garcia contends that the district court erred by dismissing her claim of intentional infliction of emotional distress for failure to state a claim. This contention has merit.
 
 
 11
 To state a claim for intentional infliction of emotional distress, Garcia must allege facts sufficient to show that Romero engaged in "(1) extreme and outrageous conduct ... with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) [that she] suffer[ed] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by [Romero's] outrageous conduct." Davidson v. City of Westminster, 649 P.2d 894, 901 (Cal.1982) (citation and internal quotations omitted).
 
 
 12
 "Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interests; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." Agarwal v. Johnson, 603 P.2d 58, 67 (Cal.1979).
 
 
 13
 Accepting the allegations of Garcia's complaint as true, see Iolab Corp., 15 F.3d at 1504, we conclude that the district court erred by concluding that Garcia has failed to state a claim of intentional infliction of emotional distress, see Agarwal, 603 P.2d at 67; cf. Alcorn v. Anbro Eng'g, Inc., 468 P.2d 216, 217-19 (Cal.1970) (stating that racial epithets by employer prior to termination are sufficient to state a claim for intentional infliction of emotional distress); Carney v. Rotkin, Schmerin & McIntyre, 254 Cal.Rptr. 478, 484 (Cal.Ct.App.1988) (stating that false statement concerning issuance of arrest warrant by creditor states claim of intentional infliction of emotional distress); Robinson v. Hewlett-Packard Corp., 228 Cal.Rptr. 591, 604-05 (Cal.Ct.App.1986) (stating that racial epithets by employer prior to termination are sufficient to state a claim for intentional infliction of emotional distress).
 
 
 14
 Appellant is entitled to her costs on appeal.
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Garcia's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its answer to Garcia's complaint, the United States concedes that Romero was acting within the course and scope of his employment at the time of his allegedly tortious activity. Accordingly, for purposes of this case, we consider Romero to have been acting within the course and scope of his employment at the time of the allegedly tortious activity
 
 
 [2]
 Christensen, 820 P.2d at 190-91 (mortuary and decedent's relatives); Marlene F., 770 P.2d at 278-79 (Cal.1989) (psychiatrist and patient); Molien v. Kaiser Found. Hosps., 616 P.2d 813, 814-15 (Cal.1980) (doctor and patient)